UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

       Plaintiff,

v.                                          CASE NO.

RVC OUTDOOR DESTINATION
RESORTS, L.P.,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the Defendant, RVC Outdoor Destination Resorts, L.P., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

## **JURISDICTION**

1.     This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claim arises under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

## **VENUE**

2.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because, inter alia, events giving rise to the claims asserted herein occurred in this district

and one of the resorts whose reservation system is at issue herein is located in this district.

## PARTIES

3.      Plaintiff, David Poschmann, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012.  Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Defendant's online cottages, cabins and rentals reservation systems fail to comply with the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendant is compelled to cure the substantive ADA violations contained on its cottages, cabins and rentals online reservation systems. Plaintiff intends to visit the online reservation systems for Defendant's cottages, cabins and rentals in the near future to book a guest cottage, cabin or other rental and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation systems for compliance with 28 C.F.R. §36.302(e).

4.     Defendant is the direct or indirect owner and/or operator of the Live Oak Landing RV Resort located in this district at 229 Pitts Avenue in Freeport, Florida, www.liveoaklandingrvresort.com ("Freeport RVC"). Defendant is also the direct or indirect owner and/or operator of six additional resorts, located in Arkansas, California, Colorado, Georgia, North Carolina and Texas, which, along with Freeport RVC, are commonly known as RVC Outdoor Destinations, which offer cottages, cabins and other lodging by the night.[1] The RVC Outdoor Destinations resorts and their online reservations systems are listed on Exhibit "A", which is incorporated herein by reference (collectively, the "RVC Outdoor Destinations"). The online reservation systems for the RVC Outdoor Destinations can be accessed through Defendant's main website/portal found at www.rvcoutdoors.com wherein the RVC Outdoor Destinations are discussed and described in detail through the "Our Resorts" tab.

**CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA**

5.     On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said

---

[1] The facilities at issue and identified herein are, despite the Covid-19 Pandemic, currently open for business and the online reservation systems at issue are accepting reservations for these facilities.

discrimination, invoking the sweep of congressional authority in order to address

the major areas of discrimination faced day-to-day by people with disabilities to

ensure that the Federal government plays a central role in enforcing the standards

set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15,

2010, the Department of Justice, Office of the Attorney General, published revised

regulations for Title III of the Americans With Disabilities Act of 1990 in the

*Federal Register* to implement the requirements of the ADA. Public

accommodations, including places of lodging, were required to conform to these

regulations on or before March 15, 2012.

7.     On March 15, 2012, new regulations implementing Title III of the

ADA took effect, imposing significant new obligations on inns, motels, hotels and

other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that
owns, leases (or leases to), or operates a place of lodging shall, with respect to
reservations made by any means, including by telephone, in-person, or through a
third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with
disabilities can make reservations for accessible guest rooms during the same hours
and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered
through its reservations service in enough detail to reasonably

permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[2]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest cabins rooms are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

8.      The RVC Outdoor Destinations are places of public accommodation that own and/or lease and operate a place of lodging pursuant to the ADA. The RVC Outdoor Destinations have online reservation systems whereby potential patrons may reserve a guest cottage, cabin or other place of lodging by the night. The reservation systems are subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendant is responsible for said compliance.

9.      Most recently, during October, 2020 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible cottage/cabin/rental at the Freeport RVC through Defendant's online reservation system but was unable to

---

[2] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

do so due to Defendant's failure to comply with the requirements set forth in paragraph 7. After the foregoing occurred, Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible guest cottage/cabin/rental at each of the remaining RVC Outdoor Destinations identified on Defendant's online reservation systems as listed on Exhibit "A" but was unable to do so due to Defendant's failure to comply with the requirements set forth in paragraph 7.

10.    Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

11.    Plaintiff intends to visit the online reservation systems for Defendant's cottages/cabins/rentals for the RVC Outdoor Destinations in the near future to book a guest cottage/cabin/rental and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation systems for compliance with 28 C.F.R. §36.302(e).

12.    Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges,

advantages and accommodations offered at the RVC Outdoor Destinations through
their online reservation systems due to the substantive ADA violations contained
thereon.

13.   The ADA violations for the online reservation systems for
Defendant's RVC Outdoor Destinations consist of the following:

a)   A failure of any policy, practice, or procedure ensuring that
individuals with disabilities can make reservations for accessible guest
cottages/cabins/rentals during the same hours and in the same manner as
individuals who do not need accessible cottages/cabins/rentals;

b)   A failure to identify and describe accessible features in the guest
cottages/cabins/rentals offered through the reservations services in enough detail to
reasonably permit individuals with disabilities to assess independently whether the
guest cottages/cabins/rentals meet his or her accessibility needs;

c)   A failure to ensure that accessible guest cottages/cabins/rentals are
held for use by individuals with disabilities until all other guest
cottages/cabins/rentals of that type have been rented and the accessible
cottage/cabin/rental requested is the only remaining cottage/cabin/rental of that
type;

d)   A failure to reserve, upon request, accessible guest
cottage/cabins/rentals or specific types of guest cottages/cabins/rentals and ensure
that the guest cottages/cabins/rentals requested are blocked and removed from all
reservations systems; and

e)   A failure to guarantee that the specific accessible guest
cottage/cabin/rental reserved through the reservations services is held for the
reserving customer, regardless of whether a specific cottage/cabin/rental is held in
response to reservations made by others.

14.   Plaintiff is without an adequate remedy at law and is suffering
irreparable harm and he reasonably anticipates that he will continue to suffer

irreparable harm unless and until Defendant is required to correct the ADA violations to the online reservation systems for its RVC Outdoor Destinations and maintain the online reservation systems and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

15.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant,  including litigation expenses and costs pursuant to 42 U.S.C. §12205.

16.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendant to alter and maintain its online reservation systems in accordance with the requirements set forth in paragraph 7 above.[3]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory

---

[3] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation systems. As rates and classes of cottages/cabins/rentals change at its RVC Outdoor Destinations, and the number and type of beds, accommodations and amenities offered in the various cottage/cabin/rental types change from time to time, the availability of accessible cottages/cabins/rentals must be re-dispersed across these various price points, classes, as well as across cottages/cabins/rentals with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the RVC Outdoor Destinations, the online reservation systems must continuously be updated to properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the online reservation systems for the RVC Outdoor Destinations in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No: 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
Lsarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837
Attorneys for Plaintiff

EXHIBIT "A"

RVC OUTDOOR DESTINATIONS

Catherine's Landing RV Resort
1700 Shady Grove Road
Hot Springs, Arkansas
www.catherineslanding.com

Yosemite RV Resort
34094 CA State Highway 41
Coarsegold, California
www.yosemitervresort.com

Garden of the Gods RV Resort
3704 West Colorado Avenue
Colorado Springs, Colorado
www.gardenofthegodsrvresort.com

Pine Mountain RV Resort
8804 Hamilton Road
Pine Mountain, Georgia
www.pinemountainrvresort.com

Mountain Springs Cabins
27 Emma's Cove Road
Asheville, North Carolina
www.mtnsprings.com

Medina Highpoint Resort
23195 St, Hwy 16 North
Medina, Texas
www.medinahighpointresort.com.